UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

MICHAEL ANTHONY WILLIAMS,

    Plaintiff,      Case No. 1:10-cv-364

v.              Honorable Paul L. Maloney

CINDI CURTIN et al.,

    Defendants.
              /

## **OPINION**

    This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis.* Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Discussion**

I.  Factual allegations

Plaintiff currently is incarcerated in the Michigan Reformatory, but the events giving rise to his action occurred at the Oaks Correctional Facility (ECF). In his *pro se* complaint, he sues the following ECF employees: Warden Cindi Curtin, Assistant Deputy Warden Barry Panzer, Resident Unit Manager Donna Allmon, Assistant Resident Unit Supervisor Ryan Pierson, Sergeant W. Downing, Nurse (unknown) Bellinger, Resident Unit Officer (unkown) Sisson and Resident Unit Officer K. Holden.

Plaintiff claims that on May 18, 2007, at approximately 5:15 p.m., Defendant Sisson ordered Plaintiff to put his food tray on the floor and get on his bed. Plaintiff claims that Sisson's order was improper because Plaintiff was not on "bottom slot" restriction and had not taken his "top slot" hostage or assaulted staff. As a result of disobeying Sisson's order, Plaintiff was placed on food loaf. According to the "Food Loaf Request Form" attached to his complaint, Plaintiff was placed on food loaf restriction from May 18 to 21, 2007, for "[r]efusing or failing to return uneaten food, serving tray, serving containers or eating utensils to food slot." (*See* Food Loaf Request Form, docket #1-2, p. 30.)[1] Plaintiff claims that Defendants Sisson and Holden requested the food loaf restriction and Defendants Downing, Bellinger and Curtin approved it. Plaintiff contends that his placement on food loaf for four days was an abuse of authority and constituted inhumane treatment in violation of Michigan Department of Corrections policy. For relief, Plaintiff seeks compensatory damages of $150,000 and punitive damages of $250,000.

II.  Failure to state a claim

---

[1]Plaintiff also was convicted of a major misconduct for disobeying a direct order, but he does not challenge the misconduct conviction in his complaint. (*See* Major Misconduct Hearing Report, docket #1-2, p. 21.)

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

identifythe specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's claim regarding his placement on food loaf implicates his Eighth Amendment right against cruel and unusual punishment. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Id.* at 348. With regard to food, prisoners must receive adequate nutrition to maintain normal health; the food need not be tasty or aesthetically pleasing. *See Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir. 1977). The Sixth Circuit repeatedly has held that a diet of food loaf does not violate the Eighth Amendment because nutritional and caloric requirements are met. *See, e.g.*, *Ostrander v. Trippett*, 71 F. App'x 565, 566 (6th Cir. 2003); *Payton-Bey v. Vidor*, No. 94-2472, 1995 WL 603241, at *1 (6th Cir. Oct. 12, 1995); *Hinton v. Doney*, No. 93-2050, 1994 WL 20225, at *2 (6th Cir. Jan. 26, 1994); *Boswell v. Meyers*, No. 89-2144, 1990 WL 109230, at *1 (6th Cir. Aug. 2, 1990). Moreover, Plaintiff does not allege that he was deprived of adequate nutrition during the brief four-day period that he was on food loaf restriction. Plaintiff, therefore, fails to state an Eighth Amendment claim.

Plaintiff also cannot state a due process claim arising from the placement on food loaf. Plaintiff enjoys no constitutional or state-created right to be free from a temporary diet of food loaf. The Supreme Court has held that state created liberty interests "will generally be limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation

to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 483 (1995); *see also Rimmer-Bey v. Brown*, 62 F.3d 789-790-91 (6th Cir. 1995). A temporary food loaf diet is not an atypical and significant hardship for prisoners who have engaged in misconduct. *See Turnboe v. Gundy*, 25 F. App'x 292, 293 (6th Cir. 2001); *Hartsfield v. Mayer*, No. 95-1411, 1996 WL 43541 (6th Cir. Feb. 1, 1996); *Johnson v. Gummerson*, No. 99-0071, 1999 WL 822523, at *1 (2d Cir. Sept. 24, 1999). In this case, Plaintiff received a misconduct hearing and was found guilty of disobeying Sisson's order to sit on the bed and leave his tray by the door. Accordingly, Plaintiff fails to state a claim for violation of his due process rights.

Furthermore, Defendants' alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *Spruytte v. Walters*, 753 F.2d 498, 508-09 (6th Cir. 1985); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectable liberty interest). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81. Consequently, to the extent that Plaintiff's complaint presents claims under state law, this Court declines to exercise jurisdiction. "Where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits." *Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998) (citing *Faughender v. City of N.*

*Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)); *see also Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:   May 3, 2010                    /s/ Paul L. Maloney
                                        Paul L. Maloney
                                        Chief United States District Judge